**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4359**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JASON PERRY,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Senior District Judge. (1:17-cr-00032-IMK-MJA-25)

Submitted: January 31, 2019                     Decided: February 7, 2019

Before GREGORY, Chief Judge, WILKINSON, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles T. Berry, Fairmont, West Virginia, for Appellant. Zelda Elizabeth Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Perry pled guilty, pursuant to a plea agreement, to possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2) (2012). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether: (1) the district court erred in enhancing Perry's sentence pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2016); (2) counsel was ineffective for failing to negotiate a provision in the plea agreement stipulating that § 2K2.1(b)(6)(B) should not apply; and (3) the prosecutor engaged in misconduct by acquiescing to the application of the § 2K2.1(b)(6)(B) enhancement. Perry was notified of his right to file a pro se brief but has not done so. We affirm.

As to Perry's claimed sentencing error, "[i]n determining whether a district court properly applied the advisory [Sentencing] Guidelines, including application of any sentencing enhancements, we review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. McKenzie-Gude*, 671 F.3d 452, 462-63 (4th Cir. 2011). As relevant here, the Guidelines provide for a four-level increase to the base offense level for a firearm conviction if an individual "possessed any firearm . . . in connection with another felony offense." USSG § 2K2.1(b)(6)(B). "A defendant possesses a firearm 'in connection with' another felony when the 'firearm facilitated, or had the potential of facilitating the other offense.'" *McKenzie-Gude*, 671 F.3d at 463. "This requirement is satisfied if the firearm had some purpose or effect with respect to

2

the other offense, including if the firearm was present for protection or to embolden the actor." *Id.* at 464 (internal quotation marks omitted).

The facts established by the presentence report and by the Government during the guilty plea hearing are sufficient to establish that Perry committed a felony offense by, at the least, aiding another in a conspiracy to distribute oxycodone,[*] in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012), and 18 U.S.C. § 2(a) (2012). Because the other felony was a drug trafficking offense, and because Perry possessed the firearm in close proximity to the oxycodone at issue in that offense, the Guidelines' commentary calls for the application of the § 2K2.1(b)(6)(B) enhancement. *See* USSG § 2K2.1 cmt. n.14(B)(ii) (stating that § 2K2.1(b)(6)(B) applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs").

Next, Perry's claim of ineffective assistance of counsel is cognizable on direct appeal only if ineffectiveness of counsel conclusively appears on the record. *United States v. Galloway*, 749 F.3d 238, 241 (4th Cir. 2014); *see Strickland v. Washington*, 466 U.S. 668, 687, 688 (1984) (setting forth ineffective counsel standard). The record before us does not conclusively establish ineffective assistance of counsel, and Perry's claim therefore should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See Galloway*, 749 F.3d at 241.

---

[*] Although the district court appears to have relied on simple possession of oxycodone to support this enhancement, "[w]e may affirm the district court on the basis of any conduct in the record that independently and properly should result in an increase in the offense level by virtue of the enhancement." *United States v. Jinwright,* 683 F.3d 471, 488 (4th Cir. 2012) (alterations and internal quotation marks omitted).

Finally, "[t]o prevail on [his] claim of prosecutorial misconduct, [Perry] must show (1) that the prosecutor's remarks and conduct were, in fact, improper and (2) that such remarks or conduct prejudiced the defendant to such an extent as to deprive the defendant of a fair [sentencing determination]." *United States v. Allen*, 491 F.3d 178, 191 (4th Cir. 2007). Because Perry did not raise this claim below, we review the claim for plain error only. *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005). We conclude that the record does not reveal the existence of any prosecutorial misconduct, and thus we find no plain error in this regard.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Perry, in writing, of the right to petition the Supreme Court of the United States for further review. If Perry requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Perry.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*